**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN RONALD HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-113-AGF |
| | ) | |
| MARK DOBBS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Justin Ronald Hensley, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepaying fees or costs. Upon review of the motion, the Court has determined to grant plaintiff leave to proceed *in forma pauperis*, and assess an initial partial filing fee of $1.00. Additionally, as explained below, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement, but the Court will not direct him to obtain and file one at this time. Instead, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Butler County Sheriff Mark Dobbs, and Unknown Morgan, a Missouri State Trooper. Plaintiff sues the defendants in their official and individual capacities.  He alleges as follows.

Plaintiff was attacked by three pit bull dogs on January 1, 2020 in Neelyville, Missouri. He suffered cuts and wounds that required medical attention. Morgan arrested him afterwards. Plaintiff was taken to the Butler County Justice Center, "and was refused medical treatment by the state police and by the Butler Co. Sheriffs Department" even though he asked unspecified persons to take him to the hospital. (ECF No. 1 at 4).

Plaintiff filed a police report and an unidentified officer was supposed to visit the scene of plaintiff's arrest to find the owner of the dogs that attacked him. However, plaintiff never received "a response back from police report." *Id.* "Medical" never "checked" plaintiff when he was booked to determine his fitness for confinement, and plaintiff never received responses to the grievances

he filed concerning medical treatment. *Id.* Plaintiff identifies his injuries as scarring, limited use of his right hand, and psychological injuries. He seeks damages totaling $800,000.

## Discussion

The Court first addresses plaintiff's official capacity claims. A suit against a public employee in his official capacity is the equivalent of a suit against the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's official-capacity claims against Morgan, a Missouri State Trooper, are the equivalent of claims against the State of Missouri. However, neither the state nor its officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Id.* Plaintiff's official capacity claims against Sheriff Dobbs are the equivalent of claims against the Butler County Sheriff's Department. However, municipal departments like the Butler County Sheriff's Department are not suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

The Court now addresses plaintiff's individual capacity claims. Plaintiff clearly intends to claim he is entitled to relief because he was wrongfully deprived of medical care. Because it appears plaintiff was a detainee at the time in question, such claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Stickley v. Byrd,* 703 F.3d 421, 423 (8th Cir. 2013). To state a *prima facie* claim, plaintiff must plead facts that show "(1) an objectively serious medical need; and (2) the defendants actually knew of the medical need but were deliberately indifferent to it." *East v. Minnehaha County*, 986 F.3d 816, 820 (8th Cir. 2021) (quoting *Jones v. Minn. Dep't. of Corrs.*, 512 F.3d 478, 481 (8th Cir. 2008)). *See generally Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (the "deliberate indifference" standard applies to claims by pretrial detainees under the Fourteenth Amendment and convicted inmates under the Eighth Amendment).

In this case, even if it is presumed that the complaint adequately shows an objectively serious medical need, it fails to state a plausible Fourteenth Amendment claim because it pleads no facts showing that either defendant actually knew of that need but deliberately disregarded it. Additionally, the complaint pleads no facts explaining how the defendants were personally involved in or directly responsible for incidents that injured plaintiff, as required to state a cognizable § 1983 claim. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted, and is subject to dismissal.

The Court will not dismiss this case at this time, and will instead give plaintiff the chance to file an amended complaint to clearly set forth his claims and supporting allegations. The amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In

5

the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

As noted above, it is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell,* 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he may not attempt to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, he must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

 Dated this 22nd day of November, 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE