**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN RONALD HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-113-AGF |
| | ) | |
| MARK DOBBS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by self-represented plaintiff Justin Ronald Hensley. (ECF No. 5). The Court will direct the Clerk of Court to effect service of process upon Sheriff Mark Dobbs, and will deny without prejudice plaintiff's motion to appoint counsel.

At present, plaintiff is an inmate at the Missouri Eastern Correctional Center ("MECC"). He filed the amended complaint against Sheriff Mark Dobbs in his individual capacity. The events giving rise to his claims occurred when he was incarcerated at the Butler County Detention Center. He alleges as follows.

On January 1, 2020, plaintiff was attacked by dogs. He suffered injuries to his arms, hands, and head. He was arrested, and taken to the Butler County Detention Center. Upon arrival, he was "covered in blood from the dog attack and wounded." *Id.* at 4. Plaintiff told Dobbs what happened, and told him he was hurt and needed to go to the hospital. In response, Dobbs said he would not allow plaintiff to receive medical treatment at the jail, and would not allow plaintiff to go to the hospital. Plaintiff claims he has continued difficulty using his right hand. He seeks monetary relief. Having thoroughly reviewed and liberally construed the amended complaint, the Court finds that

plaintiff's allegations adequately state a plausible claim against Dobbs in his individual capacity. The Court will therefore require Dobbs to respond to the amended complaint.

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that the appointment of counsel would be of sufficient benefit to plaintiff or the Court. There is no indication that plaintiff is incapable of investigating the facts and representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the defendant has not been served with process and discovery has not begun, so it cannot yet be determined whether there is conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (ECF No. 7) is

**DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to Sheriff Mark Dobbs. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Butler County Sheriff's Department in Poplar Bluff, Missouri.

Dated this 22nd day of February, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

3