UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN RONALD HENSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:21-cv-00113-AGF |
| ) | |
| MARK DOBBS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mark Dobbs's motion (ECF No. 21) to compel Plaintiff, who is proceeding pro se, to respond to Defendant's interrogatories and requests for production of documents.[1] Plaintiff's responses were due at the latest on August 1, 2022. Rather than responding to Defendant's discovery requests, on or about July 18, 2022, Plaintiff filed in this Court a memorandum stating:

> I have in my possession all evidence that I need for trial[.] The police reports and arrest records[.] This is my final disclosure[.] I don't need any witness[.] I have the proof that I was refused medical treatment[.] Its [sic] pla[i]n as day[.] In all police reports where Butler Co [Sheriffs] said they would get medical treatment in police report and never did[.] This is my final disclosure[.] I am ready for trial.

ECF No. 20. Plaintiff also included in this filing signed authorizations for release of his medical records, criminal records, tax returns, workers' compensation records, and Social

---

[1] According to Defendant, Plaintiff has also failed to provide his initial disclosures under Rule 26 and the Case Management Order. However, Defendant does not seek to compel these disclosures because Defendant believes that the information sought in his written discovery requests encompasses the same information that Plaintiff was required to provide in his initial disclosures.

Security records.  *See id.*

On or about August 2, 2022, Defendant mailed Plaintiff a letter explaining that Plaintiff's discovery responses were overdue and requesting answers to the discovery requests within seven days.[2]  When Plaintiff did not respond, Defendant filed the instant motion on September 7, 2022.  Plaintiff has not responded to the motion, and the time to do so has passed.

As Defendant notes, Plaintiff's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure, including discovery requests.  *See e.g.*, *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000).  While the Court understands that Plaintiff may believe he has all of the information he needs for trial, that is not the question before the Court.  Plaintiff has chosen to file a lawsuit, and as a party, Plaintiff is also *obligated* to respond to discovery requests that Defendant sends to Plaintiff, to permit Defendant properly to prepare for trial.  Failure to do so could result in a dismissal of Plaintiff's lawsuit.

Plaintiff's July 18, 2022 memorandum (ECF No. 20) does not satisfy his duty to answer the discovery requests served by Defendant.  Moreover, as Defendant notes, without certain basic information sought in Defendant's discovery requests, such as the nature and extent of the damages that Plaintiff seeks and information about Plaintiff's

---

[2]  Defendant contends that he could not confer with Plaintiff by telephone or in person in light of Plaintiff's incarceration, so the letter was a good faith attempt to comply with Local Rule 3.04 prior to filing this discovery motion.

medical providers and treatment, Plaintiff's signed records authorizations are not particularly useful because Defendant cannot properly evaluate what records to request.

For these reasons, the Court will grant Defendant's motion in part and will order Plaintiff to respond, within 28 days of this Memorandum and Order, to Defendant's interrogatories and requests for production of documents. The Court encourages Plaintiff to answer the discovery requests fully and to the best of his ability.[3] The Court likewise encourages defense counsel, as an officer of the Court and in light of Plaintiff's pro se status, to target the discovery requests to the needs to the needs of the case, to specify clearly and in lay terms what information is being sought from Plaintiff, and to confer in good faith with Plaintiff to attempt to cure any deficiencies in the discovery responses.

At this time, the Court will not grant Defendant's request to order Plaintiff to reimburse Defendant for his attorney's fees incurred in bringing the motion to compel. But the Court cautions Plaintiff that the failure to respond to the discovery requests at issue could result in the imposition of sanctions, including dismissal of this action with prejudice. *See, e.g.*, *Weber v. Int'l Bhd. of Elec. Workers, Loc. 124*, 685 F. App'x 502, 503 (8th Cir. 2017) (affirming the dismissal with prejudice of an employment action as a sanction under Rule 37(d) for failure to comply with a court order to provide discovery responses); *see also* Fed. R. Civ. P. 37(d) (stating that the court may, on motion, order

---

[3] For example, in response to interrogatories asking Plaintiff to list what types of damages he is seeking, Plaintiff should specify whether and to what extent he is seeking compensation for medical treatment of physical conditions, medical treatment for mental health, lost wages, emotional distress, etc., as well as the time period at issue for each.

sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response"); Fed. R. Civ. P. 41(b) (stating that a may move to dismiss if the plaintiff fails to comply with court rules or a court order).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel Plaintiff to respond to his interrogatories and requests for production of documents is **GRANTED in part**, as set forth above.  ECF No. 21.

**IT IS FURTHER ORDERED** that Plaintiff shall, on or before **October 25, 2022**, respond to Defendant's interrogatories and requests for production of documents.  Failure to comply with this Order may result in the imposition of sanctions, including dismissal of the action with prejudice.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2022.