UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN RONALD HENSLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-00113-AGF |
| MARK DOBBS, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This action under 42 U.S.C. § 1983 is before the Court on Defendant Mark Dobbs's motion for summary judgment. ECF No. 27. Dobbs filed this motion on January 9, 2023, properly supported by a Statement of Uncontroverted Material Facts and the documentary evidence upon which Dobbs relies. ECF No. 29. When Plaintiff failed to timely respond to the motion, the Court issued an Order to Show Cause (ECF No. 33), directing Plaintiff to file a properly supported response on or before March 9, 2023. Plaintiff failed to comply with the Order to Show Cause, and the time to do so has now passed. Accordingly, "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment" to the extent properly supported by the record. E.D.Mo. L.R. 4.01(E). As such, and for the reasons set forth below, the Court finds that Dobbs is entitled to judgment as a matter of law and will grant his motion.

## BACKGROUND

Plaintiff commenced this action, pro se, on August 12, 2021. In his amended complaint, he asserts a single claim under 42 U.S.C. § 1983 against Butler County Sheriff Dobbs, in his individual capacity, for denying Plaintiff adequate medical treatment during his detention at Butler County Jail for injuries sustained near the time of Plaintiff's arrest. ECF 5. Dobbs argues the undisputed facts demonstrate (1) Dobbs never personally interacted with Plaintiff during the period of Plaintiff's detention; (2) Dobbs was never aware Plaintiff had any serious medical needs during this time; (3) Dobbs never denied Plaintiff medical care; (4) Plaintiff did not have a serious medical need, and any injuries he suffered were minor; and (5) Dobbs is entitled to qualified immunity. *See* ECF Nos. 27, 28.

For the purpose of the motion before the Court and pursuant to Local Rule 4.01(E), the record establishes the following. On January 1, 2020, at approximately 11:45 a.m. on the side of US 67, Plaintiff was arrested by Missouri State Highway Patrol Trooper Morgan pursuant to an active Arkansas warrant for a parole violation. Near the time of his arrest, Plaintiff informed Trooper Morgan that he had sustained injuries approximately twenty minutes prior during an attack by three dogs. Trooper Morgan took Plaintiff to Butler County Jail where he was booked at approximately 12:05 p.m. and there detained for approximately one week, until January 8, 2020, when Plaintiff's custody was transferred to his parole officer and Plaintiff was extradited to Greene County Jail in Arkansas, awaiting transfer to the Arkansas Department of Corrections.

While Plaintiff was being processed at Butler County Jail, he stated he wished to make a report about the dog attack. Butler County Deputy Aaron Pratt took Plaintiff's statement in addition to taking several photographs of Plaintiff (ECF No. 29-4). The photographs accurately depict the totality of the injuries Plaintiff sustained near the time of his arrest.[1] Plaintiff made various requests for medical treatment to four individuals present in the booking area with Plaintiff at some point on January 1, 2020: Trooper Morgan, Deputy Pratt, a booking officer unknown to Plaintiff, and a forth individual unknown to Plaintiff who was present for only a few minutes and who informed Plaintiff he would receive medical treatment after booking. Plaintiff received no medical treatment during his detention at Butler County Jail and did not seek nor receive medical treatment any time thereafter for any injuries sustained near the time of his arrest.

Plaintiff does not know for certain the identity of the fourth individual noted above, had never seen the individual before, and did not see the individual again after their minutes-long encounter. However, Plaintiff believes the individual may have been Dobbs. ECF No. 5; *see* ECF No. 29-3 at 60.

Plaintiff has never seen Dobbs and does not know what Dobbs looks like. Plaintiff presumed the fourth individual was Dobbs because the individual appeared to exercise some authority over the other officers in the booking area.

---

[1] The photographs depict cuts on Plaintiff's hand, forearm, knee, and torso. The photographs also depict Plaintiff with missing teeth; however, Plaintiff does not claim to have lost teeth due to the incident in question and does not assert any injuries related to his teeth.

Dobbs has presented undisputed evidence that he was not physically present at Butler County Jail on January 1, 2020, did not personally participate in booking Plaintiff that day, did not speak with Plaintiff that day, and did not have any personal interactions with Plaintiff during the week Plaintiff was confined at Butler County Jail.  The undisputed evidence also demonstrates that Dobbs did not receive any verbal or written requests for medical treatment from Plaintiff during Plaintiff's confinement at Butler County Jail; Dobbs was not made aware of any requests, complaints, or claims by Plaintiff regarding medical care, nor of any injuries or medical conditions experienced by Plaintiff during that time; Dobbs did not deny or instruct another to deny Plaintiff medical care; and Dobbs was not made aware of the adequacy of any medical care provided or not provided to Plaintiff during his confinement.

## DISCUSSION

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party," and the court must view "the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015).  Once the movant has met the burden of production however, an adverse party may not rest upon the mere allegations or denials of his pleading, but "must support [his] assertion by citing to particular parts of materials in the record" to either demonstrate a genuine dispute or show the movant failed to establish the absence of the

4

same.  Fed. R. Civ. P. 56(c).  Nor may a party rest upon "affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact," as courts must consider only admissible evidence in ruling on motions for summary judgment.  *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 801 (8th Cir. 2004).  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).

**<u>Section 1983 Deliberate Indifference to Serious Medical Needs</u>**

The remedy provided by 42 U.S.C. § 1983 requires a plaintiff "show 1) that a person has deprived him of a federal constitutional or statutory right; and 2) that the person acted under color of state law when it deprived the plaintiff of the federal right." *Lockridge v. Bd. of Trustees of Univ. of Arkansas*, 315 F.3d 1005, 1016 (8th Cir. 2003). In the context of claims of inadequate medical care by plaintiffs in state custody, the constitutional right arises under the Fourteenth Amendment Due Process Clause for pretrial detainees and under the Eighth Amendment for convicted prisoners, but the same deliberate indifference standard governs in both instances and applies here. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

To survive summary judgment on a constitutional claim of inadequate medical treatment, a plaintiff in state custody must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," which must amount to "more than negligence, more even than gross negligence." *Alberson v. Norris*, 458 F.3d

5

762, 765 (8th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The deliberate indifference standard is two-part, requiring plaintiffs prove the existence of "an objectively serious medical need," and also a subjective component, "that prison officers knew of the need but deliberately disregarded it." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). Specifically, satisfying the subjective component requires proving a defendant in fact "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). This standard "entails a level of culpability equal to the criminal law definition of recklessness," requiring the defendant "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the defendant] must also draw the inference." *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Supervisory officials such as Dobbs "cannot be held liable under § 1983 on a theory of respondeat superior." *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). They may incur liability only "for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Id.*

Even accepting without deciding that Plaintiff possessed the requisite serious medical need here, Plaintiff has failed to prove that Dobbs was personally involved in depriving Plaintiff of adequate medical care while in state custody, by failing to prove that Dobbs was subjectively aware of the alleged risk to Plaintiff's health and, by act or omission, denied Plaintiff needed medical care. This failure, alone, is dispositive of

Plaintiff's § 1983 claim and this motion for summary judgment.  Plaintiff's identification of Dobbs as the fourth individual in Butler County Jail's booking room is based on bare speculation and, without more, is insufficient to establish Dobbs's liability.  Nothing in the record contradicts—and per Local Rule 4.01(E) this Court accepts—Dobbs's assertion that he was not even present on the jail's premises January 1, 2020, and that during the length of Plaintiff's confinement, Dobbs had no interaction, involvement, or communication with Plaintiff.  As such, Plaintiff's claim against Dobbs fails as a matter of law.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**.  ECF No. 27.

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2023.